# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## CIVIL NO. 1:20-CV-00305

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **VERIFIED COMPLAINT FOR** |
| | ) | **FORFEITURE *IN REM*** |
| APPROXIMATELY $19,954.01 IN U.S. | ) | |
| CURRENCY and ONE SCCY CPX-2 | ) | |
| FIREARM with MAGAZINE seized | ) | |
| from Curston Shay Graybeal on or about | ) | |
| June 15, 2020, in Burke County, North | ) | |
| Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES the United States of America, Plaintiff herein, by and through

R. Andrew Murray, United States Attorney for the Western District of North

Carolina, in a civil cause of forfeiture, and respectfully states the following:

## NATURE OF ACTION

1.    This is a civil action *in rem* against approximately $19,954.01 in

United States Currency ("the Defendant Currency") and one SCCY CPX-2 firearm

(9mm caliber, bearing serial number 669338, with magazine) ("the Defendant

Firearm") (collectively, "the Defendant Properties") seized from Curston Shay

Graybeal on or about June 15, 2020, in Burke County, North Carolina.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3.      This Court has *in rem* jurisdiction over the Defendant Properties, and venue is proper pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in the Western District of North Carolina.

4.      Venue is also proper pursuant to 28 U.S.C. § 1395 because the Defendant Properties are located in the Western District of North Carolina.

5.      The Defendant Properties were seized within and are now within the Western District of North Carolina.

## BASIS FOR FORFEITURE

6.      This civil action is brought against the Defendant Currency because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).   This civil action is brought against the Defendant Firearm because it constitutes a firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled

2

substances and/or proceeds traceable to such controlled substances, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11).

## FACTS

7.      On June 12, 2020, Homeland Security Investigations received information that Curston Shay Graybeal ("Graybeal") from Morganton, North Carolina was involved in distributing large amounts of crystal-methamphetamine in Burke and Catawba Counties. Burke County Sheriff's Office ("BCSO") reports indicate that Graybeal has been involved in multiple drug investigations in Burke County since the beginning of 2020.

8.      On June 15, 2020, Graybeal was driving a gray BMW sedan in Morganton when BCSO Detectives Buchanan and Puckett observed the vehicle cross over the centerline of the road multiple times. A search of the BMW's tag revealed that Graybeal was the registered owner and her license was expired.

9.      Detective Buchanan initiated a traffic stop and pulled Graybeal over.

10.      Detective Buchanan, along with Detective Puckett, exited the patrol car and approached Graybeal's vehicle.

11.      Graybeal asked why she had been pulled over. Detective Buchanan explained that her driver's license was expired and she had driven left of center on the road multiple times.

3

12.     Graybeal said she knew her license was expired, but was in the process of getting it renewed.   She gave the officers an identification card and the officers returned to the patrol car.

13.     Detective Puckett then requested a K-9 unit to assist as Graybeal's criminal record showed multiple previous traffic stops during which Graybeal was arrested for possession of methamphetamine.   Detective Buchanan started to write a citation for the traffic violations.

14.     Detective Puckett again approached Graybeal's vehicle to speak with her.

15.     Detective Puckett mentioned that she had requested a narcotics detecting canine.   In response, Graybeal voluntarily handed the officer a glass meth pipe and the Defendant Firearm.

16.     A K-9 officer arrived at the scene. A trained and certified narcotics detecting canine alerted to the presence of the odor of illegal narcotics in the vehicle.

17.     Officers asked Graybeal to exit the vehicle while they performed a search of the vehicle.

18.     During a search of the driver's side area of the vehicle, Detective Buchanan located a one-strapped shoulder bag in the driver's seat, which contained two small plastic baggies containing a white crystalline substance.

4

19.    Detective Buchanan located another bag containing a white crystalline substance in the space between the driver's seat and the center console.

20.    Detective Sergeant Propst tested the white crystalline substance using a field test.   The test kit turned purple, indicating a positive result for the presence of methamphetamine.

21.    Graybeal was in possession of approximately 34.9 grams of methamphetamine.

22.    Detective Buchanan located a small safe in the passenger seat and asked Graybeal if she would open it.   Graybeal opened the safe and advised there was nothing but money in it.

23.    Detective Buchanan noticed the cash in the safe was separated by rubber bands.

24.    The manner in which the cash was concealed and organized is consistent with drug trafficking.

25.    Detectives Buchanan and Puckett continued to search the vehicle and located a black digital scale in the trunk of the vehicle.

26.    Officers seized the cash located in the safe, along with the money in Graybeal's wallet and purse, which totaled $19,954.01 in United States currency and is the Defendant Currency.

5

27.     Graybeal has no record of any recent legitimate employment.

28.     On or about June 16, 2020, Graybeal was charged in North Carolina state court with trafficking in methamphetamine and maintaining a vehicle for use, storage, or sale of controlled substances.

29.     In the past year, Graybeal has been implicated in several other incidents involving methamphetamine trafficking in both North Carolina and Georgia.

## ADMINISTRATIVE FORFEITURE

30.     United States Customs and Border Protection initiated an administrative forfeiture action against the Defendant Currency.

31.     On July 29, 2020, Graybeal filed a claim as to the Defendant Currency.

32.     The United States now files this Complaint in response to that claim concerning the Defendant Currency and also in order to pursue forfeiture of the Defendant Firearm.

33.     The following persons may have or claim an interest in the Defendant Properties:

Curston Shay Graybeal
2437 Peeler Street
Morganton, North Carolina 28655

Frank Webster, Esq.
Attorney for Curston Shay Graybeal
204 South Green Street
Morganton, North Carolina 28655

6

## CONCLUSION

34.     By virtue of the foregoing, all right, title, and interest in the Defendant

Properties vested in the United States at the time of the commission of the unlawful

act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to

the United States of America.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully prays the Court

that:

(1)     a warrant for the arrest of the Defendant Properties be issued;

(2)     due notice be given to all parties to appear and show cause why the

forfeiture should not be decreed;

(3)     judgment be entered declaring the Defendant Properties to be

condemned and forfeited to the United States of America for disposition according

to law; and

(4)     the United States be granted such other and further relief as this Court

may deem just and proper, together with the costs and disbursements of this action,

including but not limited to the expenses of maintenance and protection of the

Defendant Properties as required by 28 U.S.C. § 1921.

Respectfully submitted this 26th day of October, 2020.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

**s/ Jonathan D. Letzring**
JONATHAN D. LETZRING
Assistant United States Attorney
Georgia Bar No. 141651
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Telephone No. (828) 271-4661
Jonathan.letzring@usdoj.gov

## **VERIFICATION**

I am a Special Agent with Homeland Security Investigations and one of the agents assigned to this case. Pursuant to 28 U.S.C. § 1746, I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of knowledge, information, and belief.

Date: _____

JOSEPH B BARRINGER
Digitally signed by JOSEPH B BARRINGER
Date: 2020.10.26 16:46:59 -04'00'

Joseph Barringer, Special Agent
Homeland Security Investigations

9