# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:20-cv-00305-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **APPROXIMATELY $19,954.01 IN U.S. CURRENCY and ONE SCCY CPX-2 FIREARM with MAGAZINE seized from Curston Shay Graybeal on or about June 15, 2020, in Burke County, North Carolina,** | ) ) ) ) ) ) ) |
| | ) |
| Defendant. | |

## ORDER OF DEFAULT JUDGMENT

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment of Forfeiture. [Doc. 6].

Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the $19,954.01 in United States Currency ("the Defendant Currency") and One SCCY CPX-2 firearm with magazine ("the Defendant Firearm") (collectively, "the Defendant Properties") identified in the Complaint.

## FACTUAL BACKGROUND

The following is a recitation of the relevant, admitted facts.[1]

On June 12, 2020, Homeland Security Investigations received information that Curston Shay Graybeal ("Graybeal") from Morganton, North Carolina was involved in distributing large amounts of crystal-methamphetamine in Burke and Catawba Counties. [Doc. 1 at ¶ 7]. Burke County Sheriff's Office ("BCSO") reports indicate that Graybeal has been involved in multiple drug investigations in Burke County since the beginning of 2020. [Id.].

On June 15, 2020, Graybeal was driving a gray BMW sedan in Morganton when BCSO Detectives Buchanan and Puckett observed the vehicle cross over the centerline of the road multiple times. [Id. at ¶ 8]. A search of the BMW's tag revealed that Graybeal was the registered owner and her license was expired. [Id.]. Detective Buchanan initiated a traffic stop and pulled Graybeal over. [Id. at ¶ 9]. Detective Buchanan, along with Detective Puckett, exited the patrol car and approached Graybeal's vehicle. [Id. at ¶ 10]. Graybeal asked why she had been pulled over. [Id.

---

[1] Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint [Doc. 1] are deemed admitted as true.

at ¶ 11]. Detective Buchanan explained that her driver's license was expired and that she had driven left of center on the road multiple times. [Id.]. Graybeal said she knew her license was expired, but was in the process of getting it renewed. [Id. at ¶ 12]. She gave the officers an identification card and the officers returned to the patrol car. [Id.].

Detective Puckett then requested a K-9 unit to assist as Graybeal's criminal record showed multiple previous traffic stops during which Graybeal was arrested for possession of methamphetamine. [Id. at ¶ 13]. Detective Buchanan started to write a citation for the traffic violations. [Id.]. Detective Puckett again approached Graybeal's vehicle to speak with her. [Id. at ¶ 14]. Detective Puckett mentioned that she had requested a narcotics detecting canine. [Id. at ¶ 15]. In response, Graybeal voluntarily handed the officer a glass meth pipe and the Defendant Firearm. [Id.].

A K-9 officer arrived at the scene. [Id. at ¶ 16]. A trained and certified narcotics detecting canine alerted to the presence of the odor of illegal narcotics in the vehicle. [Id.]. Officers asked Graybeal to exit the vehicle while they performed a search of the vehicle. [Id. at ¶ 17]. During a search of the driver's side area of the vehicle, Detective Buchanan located a one-strapped shoulder bag in the driver's seat, which contained two small plastic baggies containing a white crystalline substance. [Id. at ¶ 18].

3

Detective Buchanan located another bag containing a white crystalline substance in the space between the driver's seat and the center console. [Id. at ¶ 19]. Detective Sergeant Propst tested the white crystalline substance using a field test. [Id. at ¶ 20]. The test kit turned purple, indicating a positive result for the presence of methamphetamine. [Id.]. Graybeal was in possession of approximately 34.9 grams of methamphetamine. [Id. at ¶ 21].

Detective Buchanan located a small safe in the passenger seat and asked Graybeal if she would open it. [Id. at ¶ 22]. Graybeal opened the safe and advised there was nothing but money in it. [Id.]. Detective Buchanan noticed the cash in the safe was separated by rubber bands. [Id. at ¶ 23]. The manner in which the cash was concealed and organized is consistent with drug trafficking. [Id. at ¶ 24]. Detectives Buchanan and Puckett continued to search the vehicle and located a black digital scale in the trunk of the vehicle. [Id. at ¶ 25].

Officers seized the cash located in the safe, along with the money in Graybeal's wallet and purse, which totaled $19,954.01 in United States currency and is the Defendant Currency. [Id. at ¶ 26]. Graybeal has no record of any recent legitimate employment. [Id. at ¶ 27].

On or about June 16, 2020, Graybeal was charged in North Carolina state court with trafficking in methamphetamine and maintaining a vehicle for use, storage, or sale of controlled substances. [Id. at ¶ 28]. In the past year, Graybeal has been implicated in several other incidents involving methamphetamine trafficking in both North Carolina and Georgia. [Id. at ¶ 29].

## PROCEDURAL BACKGROUND

On October 26, 2020, the Government filed a Verified Complaint for Forfeiture In Rem, alleging that the Defendant Properties seized from Greybeal on or about June 15, 2020, are subject to civil forfeiture under 21 U.S.C. §§ 881(a)(6) and 881(a)(11). [Doc. 1]. The day after the Complaint was filed, the Clerk issued a Warrant of Arrest in Rem for the Defendant Properties. [Doc. 2].

After the Government filed its Complaint, in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the Government provided direct notice of this action to known potential claimants. Specifically, on November 2, 2020, the Government mailed notice and a copy of the Complaint to Greybeal and her attorney at their addresses of record. [Doc. 7-1]. Additionally, in accordance with Supplemental Rule G(4)(a), the

5

Government provided notice by publication as to all persons with potential claims to the Defendant Properties by publishing notice via www.forfeiture.gov from November 3, 2020, until December 2, 2020. [Doc. 3].

During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency. On January 12, 2021, pursuant to Fed. R. Civ. P. 55(a), the Government filed a motion for entry of default [Doc. 4], and on January 14, 2021, the Clerk entered default [Doc. 5].

## DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 21 U.S.C. § 881(a)(6). Similarly, the Government may seek forfeiture of a

firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or proceeds traceable to such controlled substances. See 21 U.S.C. § 881(a)(11).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Properties are subject to forfeiture under 21 U.S.C. §§ 881(a)(6) and 881(a)(11). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Properties. After careful review, the Court finds that the Government has established that default judgment is appropriate.

## **JUDGMENT**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the following properties:

1) $19,954.01 in U.S. Currency seized from Greybeal on or about June 15, 2020, in Burke County, North Carolina;

2) One SCCY CPX-2 firearm with magazine seized from Greybeal on or about June 15, 2020, in Burke County, North Carolina.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Properties is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Department of the Treasury is hereby directed to dispose of the forfeited Defendant Properties as provided by law.

**IT IS SO ORDERED.**

Signed: January 25, 2021

Martin Reidinger
Chief United States District Judge